**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JACKIE STRINGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-05-0699-F |
| ) | |
| NOBLE ISD NO. 40, BOARD OF ) | |
| EDUCATION, CLEVELAND ) | |
| COUNTY a/k/a NOBLE PUBLIC ) | |
| SCHOOLS, and CURTIS INGE, in ) | |
| his official and individual capacity, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Defendants' Motion for Summary Judgment, filed November 1, 2005, is before the court. (Doc. no. 24.) Plaintiff has responded, defendants have replied, and the motion is ready for determination.

<u>Standards</u>

Under Federal Rule of Civil Procedure 56(c), summary judgment shall be granted if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The moving party has the burden of showing the absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325 (1986). A genuine issue of material fact exists when "there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249 (1986). In determining whether a genuine issue of a material fact exists, the evidence is to be

taken in the light most favorable to the non-moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). All reasonable inferences to be drawn from the undisputed facts are to be determined in a light most favorable to the non-movant. United States v. Agri Services, Inc., 81 F.3d 1002, 1005 (10th Cir. 1996). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials, demonstrating that there is a genuine issue for trial. Posey v. Skyline Corp., 702 F.2d 102, 105 (7th Cir. 1983).

## Nature of Action

Plaintiff Jackie Stringer alleges a Fourteenth Amendment due process claim under 42 U.S.C. § 1983. She alleges this federal claim against both defendants, Noble ISD No. 40 Board of Education, Cleveland County a/k/a/ Noble Public Schools ("Noble Schools" or the "Noble School District"), and against Mr. Curtis Inge, who is sued in his individual capacity under § 1983 for acts allegedly performed under color of state law as superintendent of the Noble Schools. (Petition, ¶ ¶ 4,5.) Based on the § 1983 claim, this action was removed to this court from the state District Court of Cleveland County. In addition to the federal claim, there are state law claims alleged against the Noble Schools (and against Mr. Inge in his official capacity only). In that regard, Ms. Stringer alleges violations of 85 O.S. § 5A. and B., for termination of her employment in retaliation for having filed a workers' compensation claim and for discharge of an employee during a period of total disability. Ms. Stringer also alleges breach of contract and negligent breach of contract. Defendants' motion seeks summary judgment in defendants' favor on all claims.

Fact-findings

The court makes the following fact-findings for purposes of this motion. Most of these facts are undisputed.[1] To the extent there are any disputed facts or inferences, the court has presumed those which favor plaintiff's position.

During the 2003-04 school year, plaintiff Jackie Stringer was employed by the Noble School District pursuant to two support employee contracts. Under her school bus driver contract, Ms. Stringer worked four hours a day as a bus driver for the district. Under her cafeteria worker contract, Ms. Stringer worked three hours per day as a school cafeteria worker.

On December 18, 2003, Ms. Stringer fell while exiting her school bus and injured her wrist and knee.

On January 2, 2004, Ms. Stringer's regular physician instructed Ms. Stringer not to return to work and referred her to Dr. Ghazi Rayan, a hand specialist.

On February 9, 2004, Dr. Rayan saw Ms. Stringer and issued Ms. Stringer a "return to work" slip which stated that she could return to work as a bus driver, for light duty, with certain restrictions including a ten pound weight limit. Ms. Stringer took her "return to work" slip to transportation supervisor Gary Dressler. Mr. Dressler told Ms. Stringer that he could not return her to her job as a school bus driver with the ten pound weight limit restriction on her wrist.

Also on February 9, 2004, Ms. Stringer took her "return to work" slip to Eva Dunn, the cafeteria supervisor. Ms. Dunn told Ms. Stringer that Ms. Stringer could return to work in the cafeteria. Ms. Stringer, however, felt that she could not do the

---

[1]The court concludes that these facts are undisputed based on plaintiff's express admission of defendants' proposed undisputed facts, or, in some cases, based on the court's finding that although plaintiff purports to deny certain of defendants' proposed undisputed facts, that plaintiff has not actually denied the facts in question and has not offered any evidence to dispute defendants' properly supported undisputed facts. *See*, Fed. R. Civ. P. 56, LCvR56.1(c).

cafeteria job with the weight restriction on her wrist and so she declined to return to work in the cafeteria.

On February 18, 2004, Ms. Stringer signed a "Form 3," initiating a workers' compensation claim against the Noble School District. This form stated that Ms. Stringer's "mailing address" was "4000 Cemetery Road, Lot 53, Noble, OK 73068." (Def. Ex. 1, depo ex. 4.)

By letter dated February 18, 2004, a representative of CompSource, Oklahoma, the Noble School District's workers' compensation insurance carrier, contacted Dr. Rayan to request clarification of Ms. Stringer's work restriction. Dr. Rayan faxed a revised copy of the February 9 "return to work" slip to CompSource. The revised "return to work" slip included the statement, "May serve food at lunch." (Plaintiff testified at her deposition that she did not have a copy of this revised "return to work slip" and that her copy of the "return to work" slip did not include the same statements.)

By letter dated February 23, 2004, Ms. Dunn wrote to Ms. Stringer and asked that Ms. Stringer return to work in the cafeteria. Ms. Dunn also left a voice mail message on Ms. Stringer's cell phone. Ms. Stringer did not respond to these communications and has testified that she did not receive the February 23 letter or the voice mail from Ms. Dunn.

Ms. Stringer has presented a letter dated February 26, 2004, from the school district's Human Resources Director. Plaintiff contends that she obtained the letter after visiting the school and further contends that the February 26 letter implies that plaintiff was never made aware that defendants were sending letters telling her to return to work.

Regardless, it is undisputed that on March 24, 2004, Superintendent Inge sent Ms. Stringer a letter notifying her that at a school board meeting scheduled for April 12, 2004, he intended to recommend to the Board of Education that Ms. Stringer's

cafeteria worker's contract be terminated due to abandonment of her job. Mr. Inge's March 24 letter stated that Ms. Stringer "was released to return to light duty on February 10, 2004, yet she had not reported for work nor contacted the school district about returning to work." (Def. Ex. 5.) The letter further advised Ms. Stringer that she had ten days to request an appeal hearing before the board. (Def. Ex. 5.) This letter was sent to Ms. Stringer by certified mail at the Cemetery Road address which was listed as her mailing address on the Form 3 workers' compensation claim she had signed and filed on February 18, 2004.

Ms. Stringer contends she did not receive the March 24 letter from Mr. Inge, but she admits that the letter was sent by certified mail to the Cemetery Road address. Ms. Stringer also admits that she has lived at the Cemetery Road address for two or three years, that she owns a trailer at that address, that there is a mailbox at that address, and that mail is delivered to that address. Ms. Stringer testified in her deposition that she no longer checks the mailbox at the Cemetery Road address for mail because she has a post office box which she uses as her mailing address. She also testified that she did not have a key to the Cemetery Road mailbox.

Ms. Stringer has presented the school's accident report form, which she completed on January 5, 2004, in which she listed only her post office box address as her address. She has also presented a Noble Public School Directory which lists only her post office box address. She contends that the CompSource adjuster had her post office box address, and she has presented a letter from the Oklahoma Education Association, dated May 10, 2004, which is addressed to her post office box address. She has presented other documentation indicating that school officials and other officials had her post office box address during the relevant time period. (See documents referenced in plaintiff's response to def's proposed und. fact no. 14.)

The Noble School District entered into a negotiated agreement with the Noble Support Personnel Association for the 2004-05 school year. Article V of the

negotiated agreement authorizes the Board of Education to terminate support employees upon the recommendation of the Superintendent. Article V further provides that the support employee shall receive notice of a right to a hearing and states that failure of the employee to request a hearing within 10 working days of such notice shall be considered a waiver of the employee's right to a hearing. (Def. Ex. 4.)

Ms. Stringer's support employee contracts provide that the term of the contract shall be until June 30, 2004, or until the date of termination of employment, whichever occurs first. (Def. Ex. 1, Depo Ex. 1,2.)

The court presumes for purposes of this motion that Ms. Stringer failed to receive the March 24, 2004 letter from Superintendent Inge which was mailed to Ms. Stringer's Cemetery Road address, and that Ms. Stringer had no actual notice of Ms. Inge's intention to recommend that she be terminated and no actual notice that she had ten days to request an appeal hearing before the board. The court also presumes for purposes of this motion that Ms. Stringer failed to contest her termination, failed to appear before the board, and failed to appeal the recommendation or decision that she be terminated, for the sole reason that she never received notice of Mr. Inge's recommendation or her ten day appeal period.

On April 12, 2004, the Board of Education voted to terminate Ms. Stringer's cafeteria worker contract for the stated reason that she had abandoned her job by failure to return to work after being released for light duty. Ms. Stringer's contract as a school bus driver was not affected and she continued to be employed by the Noble School District for the duration of her bus driver's contract.

### Plaintiff's § 1983 Due Process Claim

The parties agree that Mr. Inge's March 24, 2004 letter which advised Ms. Stringer of the impending termination of her cafeteria workers' contract for abandonment of her job and of the ten-day period to request an appeal, was mailed to Ms. Stringer at her mailbox address where she was living at the time and which was

listed on her Form 3 worker's compensation claim which she signed on February 18, 2004. Construing all possibly disputed evidence and inferences in plaintiff's favor, the court presumes for purposes of this motion that plaintiff never received the March 24 letter, that she had a post office address which the school district was also aware of, and that the March 24 letter was not mailed to plaintiff at her post office address but was only mailed to her Cemetery Road address. Given these facts, Ms. Stringer's 42 U.S.C. § 1983 claim is based on her contention that she was deprived of property without due process of law because she was terminated from her cafeteria job, despite the fact that she did not receive the March 24, 2004 letter notifying her that Superintendent Inge was going to recommend termination of her cafeteria worker's contract and advising her that she had ten days within which to request an appeal hearing before the board.

The courts have consistently held that due process requires only such notice as is reasonably calculated to reach the interested party. Mullane v. Central Hanover Bank & Trust Company, 339 U.S. 306, 318 (1950). As stated by the Tenth Circuit, "[d]ue process does not require that the interested party actually receive notice.... So long as the government acted reasonably in selecting means likely to inform [the] persons affected,...then it has discharged its burden." U.S. v. 51 Pieces of Real Property, Roswell, New Mexico, 17 F.3d 1306, 1316 (10th Cir. 1994), citations omitted.

In U.S. v. Clark, 84 F.3d 378 (10th Cir. 1996), the FBI mailed notice of an administrative forfeiture to the affected party, Mr. Clark, at the facility where Mr. Clark was incarcerated at the time. The Tenth Circuit stated:

> That Clark may not have received the certified mail notice does not negate the constitutional adequacy of the FBI's attempt to accomplish actual notice. Absent extraordinary circumstances, the FBI was not required to effect notice through every means calculated to provide actual notice.

*Id.* at 381.

Here, it is undisputed that the March 24 letter was sent by certified mail to the Cemetery Road address, which was the address listed as Ms. Stringer's mailing address on her workers' compensation complaint form which she signed on February 18. It is also undisputed that Ms. Stringer was living at the Cemetery Road address at the time, that she had been living there for two to three years, and that mail was received at that address. The court finds and concludes that notice of the impending termination of Ms. Stringer's cafeteria employment was given by the defendants in a manner reasonably calculated to reach Ms. Stringer. None of the circumstances of the mailing, including Ms. Stringer's failure to receive actual notice, establish a violation of Ms. Stringer's due process rights. The court concludes that there are no genuine issues of material fact with respect to Ms. Stringer's § 1983 claim and that the defendants are entitled to summary judgment in their favor on that claim.

With respect to defendant Inge, the court finds that Mr. Inge is entitled to summary judgment on plaintiff's § 1983 claim for the additional reason that he is entitled to qualified immunity. In response to Mr. Inge's qualified immunity argument, plaintiff has offered no argument or authorities which suggest that Mr. Inge violated any clearly established statutory or constitutional rights of which a reasonable person in his position would have known. *See*, Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)("[O]fficials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known"). Mr. Inge relied on plaintiff's mailing address as stated in her worker's compensation form 3 of February 18, and his March 24 letter was mailed to that address approximately five weeks later. The undisputed facts and the previously-cited legal authorities which state that due process requires a method of notification which is reasonably calculated to reach the affected party, establish that Mr. Inge did not

violate any clearly established statutory or constitutional rights of which a reasonable person would have known.

### State Claims

This action was removed based on federal question jurisdiction and there is no diversity jurisdiction. As plaintiff's only federal claim has now been summarily adjudicated in favor of the defendants, the court must determine whether to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. §1367(c)(3).

Judicial economy, fairness, convenience, and comity are all considerations which guide a district court's decision regarding whether to defer to a state court or retain and dispose of state law claims. United Mine Workers v. Gibbs, 383 U.S. 715, 726-27 (1966). The Tenth Circuit has held that when federal claims are resolved before trial, the district court should usually decline to exercise jurisdiction over the remaining state law claims and allow the plaintiff to pursue them in state court. *See*, Smith v. City of Enid By and Through Enid City Comm'n, 149 F.3d 1151, 1156 (10th Cir. 1998); Ball v. Renner, 54 F.3d 664, 669 (10th Cir. 1995).

Although the court has concluded that there was no denial of due process when notice of Ms. Stringer's impending termination and appeal rights was sent in the manner it was sent here, whether defendants' reliance on this notice and other conduct constituted a breach of Ms. Stringer's employment contract, or whether the defendants' conduct was negligent, are issues controlled by state law standards.[2] Ms. Stringer's 85 O.S. § 5 claims are also controlled by state law. In these circumstances,

---

[2]The distinction between federal due process claims and state law claims such as breach of contract claims, is recognized in Brown v. Texas A & M University, 804 F.2d 327, 335 (5th Cir. 1986). That decision (and the authorities its cites) notes that there is not a violation of due process every time a defendant violates its own rules and that while such a violation may constitute a breach of contract or a violation of state law, unless the conduct trespasses on federal constitutional safeguards, there is no constitutional deprivation.

having disposed of the federal § 1983 claim prior to trial, and finding no consideration which causes the court to conclude that it should retain jurisdiction over the state law claims, the court, in the exercise of its discretion, declines to exercise supplemental jurisdiction over the state law claims.

## Conclusion

After careful consideration of the allegations, the parties' submissions, the record evidence, and the relevant authorities, the court determines as follows.

Defendants' Motion for Summary Judgment is **GRANTED** in part. Summary judgment is granted in defendants' favor on plaintiff's 42 U.S.C. § 1983 claim which is alleged in the Petition as plaintiff's "First Cause of Action."

The court makes no ruling on defendants' motion to the extent that the motion challenges plaintiff's state law claims. Ms. Stringer's state law claims, which are alleged in the Petition as plaintiff's Second, Third, and Fourth "Causes of Action," are hereby **REMANDED** to the District Court of Cleveland County from which this action was removed. Defendants' Motion for Summary Judgment continues to pend with respect to plaintiff's state law claims, to be determined by the state court.

Dated this 19th day of December, 2005.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

05-0699p006(pub).wpd